UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL GRAY,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID BREWER,<br><br>    Respondent. | Case No.   2:22-cv-01659-JDP (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>ECF No. 9 |

    Petitioner Samuel Gray, a federal prisoner proceeding without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2244 challenging his lifetime conviction. ECF No. 1. His petition raises two claims: (1) that his conviction for Hobbs Act robbery is not a conviction for a violent felony within the meaning of 18 U.S.C. § 3559(c); and (2) that his prior convictions for robbery under Georgia law are invalid because the state statute is "indivisible." ECF No. 1 at 3-6. Respondent has filed a motion to dismiss arguing that these claims cannot proceed in a section 2241 action and this case should be dismissed. I will grant it.[1]

    Rule 4 of the Rules Governing Section 2254 Cases provides that a district court may dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." This rule also permits a respondent to file a motion to dismiss. *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989).

---

[1] The parties have consented to magistrate judge jurisdiction. ECF No. 7.

1

Respondent has presented evidence establishing that petitioner presented the claims at issue in this case to the federal district court for the Northern District of Georgia. ECF No. 9-1 at 68-81. That court rejected petitioner's claims, *id.*, and the Eleventh Circuit did the same on appeal, *see Gray v. United States*, 622 F. App'x 788 (11th Cir. 2015). Petitioner raised similar claims again in 2021 under both the First Step Act and 18 U.S.C. § 3582, and the Northern District of Georgia rejected those claims as well and held that the Hobbs Act claims should be brought, if at all, in a successive § 2255 petition. ECF No. 9-1 at 91-101. In his opposition to respondent's motion, petitioner does not dispute that his claims were previously addressed in the Northern District of Georgia. Rather, he claims that he fits the section 2241 "escape hatch" because he is "actually innocent of a crime that would qualify him for Three Strike offender status . . . ." ECF No. 11 at 3.

The "escape hatch" applies where a prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). As the Ninth Circuit explained in *Ives*, however, a claim of actual innocence for the purposes of the "escape hatch" means "factual innocence, not mere legal insufficiency." *Id.* at 1193 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). And factual innocence obtains only if the petitioner can show that "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. Petitioner's claims do not implicate factual innocence, and, as such, he does not qualify.

It is, therefore, ORDERED that respondent's motion to dismiss, ECF No. 9, is GRANTED and the petition, ECF No. 1, is DISMISSED.

IT IS SO ORDERED.

Dated: ___April 7, 2023___            _____
                                      JEREMY D. PETERSON
                                      UNITED STATES MAGISTRATE JUDGE

2